IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG N. EVANS,

        Petitioner,

vs.                                                 Civil No. 15-cv-1122-DRH-CJP

GREGORY SCOTT, Program Director,
Rushville Treatment/Detention Center,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Craig N. Evans was civilly committed under the Illinois Sexually Violent Persons (SVP) Commitment Act, 725 ILCS 207/1, et seq., in 2005. Ten years later, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1).

This matter is now before the Court on respondent's motion to dismiss habeas corpus petition as untimely (Doc. 12). Petitioner responded to the motion (Doc. 16).

### Grounds Asserted for Habeas Relief

The petition sets forth four grounds for habeas relief:

1.     The State was required to prove lack of ability to control dangerous sexual behavior for this type of civil commitment. Petitioner's lawyer "misinformed him that the State 'could prove all requirements at trial' including that 'lack of control is implicit in the mental disorder diagnosis from the DSM manual.'"

2.     The State sought to prove that petitioner was substantially probable to reoffend by the testimony of an expert witness who relied on "risk

assessment tools," but the risk assessment tools do not detect or measure the presence of or the severity of a mental disorder. His original commitment and annual continuance of commitment are predicated on the use of these tools.

3. The state used a doctor who was a Psy.D., and not an M.D., to diagnose petitioner with a mental abnormality. "The petitioner's liberty has been taken away from him based on an unqualified diagnosis by an unqualified non-medical doctor. Had appointed counsel at the 2005 proceedings been effective and challenged the State's evidence, the outcome would have been different." Further, petitioner "does not suffer from any acquired or congenital brain abnormality as is absolutely required by the Act."

4. Petitioner served six years imprisonment for his crimes, and the State's use of the "same fact pattern" to civilly commit him is a double jeopardy violation.[1]

**Relevant Facts and Procedural History**

Petitioner served six years in the Illinois Department of Corrections for an unspecified sexual crime. See, Doc. 1, p. 14.

A copy of the docket sheet from the civil commitment proceeding, *In re Evans*, Wabash County Circuit Court, Case No. 2005-MR-5, is attached to respondent's motion to dismiss (Doc. 12, as Exhibit 1). According to the docket sheet, the State filed a petition for sexually violent person commitment in March 2005. On June 7, 2005, a psychological evaluation dated May 20, 2005, was filed with the court. On October 11, 2005, the following docket entry was made:

> AAG Kaid, Craig N. Evans, PD appear. Mr. Evans tenders written and signed admission of Sexually Violent Person status which the court, following inquiry of Mr. Evans, finds knowingly and voluntarily made and accepts. Craig N. Evans is found to be a Sexually Violent Person and is committed to secure placement in DHS per order entered.

---

[1] The Court expresses no opinion as to whether petitioner's grounds qualify as claims that he is in custody "in violation of the Constitution or laws or treaties of the United States" as required by 28 U.S.C. §2254(a).

(Doc. 12, Ex. 1, p. 5).

A six-month reevaluation was done and, in April 2006, the court entered an order finding no probable cause to believe that petitioner was no longer a sexually violent person. Thereafter, annual reevaluations were done. Upon each annual review, the court found there was no probable cause to believe that petitioner was no longer a sexually violent person.

The docket sheet attached to Doc. 12 goes through March 28, 2016. A review of the on-line docket sheet indicates that, on July 19, 2016, the court again found no probable cause to believe that petitioner was no longer a sexually violent person. Through counsel, Evans filed a motion to reconsider. The State filed a response on August 25, 2016. See, https://www.judici.com/courts/cases/case_history.jsp?court=IL093015J&ocl=IL093015J,2005MR5,IL093015JL2005MR5D1, visited on September 27, 2016.

According to the habeas petition, Evans has never filed any state court action challenging his commitment because "Under Illinois law [,] post-conviction, relief from judgment, and state Habeas are not available to me." Doc. 1, p. 6. See also, Doc. 1, p. 8 ("I have no state court remedies to vacate judgment of commitment.")

## Applicable Legal Standards

1. **Illinois Sexually Violent Persons Commitment Act**

The Illinois Sexually Violent Persons Commitment Act defines a sexually violent person as:

> a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.

725 ILCS §207/5.

A "sexually violent offense" is defined in the same section as various specified crimes under Illinois law. Petitioner does not contest the fact that he was convicted of one of the enumerated crimes.

The Attorney General or the State's Attorney in the county in which the person was convicted may file a petition alleging that he is a sexually violent person. §207/15. Proceedings under the Act are civil in nature. §207/20. However, the person has the right to be represented by counsel and an indigent person has the right to appointed counsel. §207/25(c). The State bears the burden of proving the allegations of the petition beyond a reasonable doubt. §207/35(d).

The State has the right to have the person evaluated by an expert chosen by the State, and the person has the right to retain an expert to evaluate him. If the person is indigent, the court is to appoint a qualified expert to perform the examination at the person's request. §207/25(e). If the person is found to be a sexually violent person, "the court shall order the person to be committed to the custody of the Department [of Human Services] for control, care and treatment until such time as the person is no longer a sexually violent person." §207/40(a). The order shall specify either institutional care or conditional release.

§207/40(b)(2).

A judgment finding that the person is a sexually violent person is reviewable on appeal. §207/35(g). The committed person may also file a petition for discharge. §207/65(b).

A committed person must be reexamined at least once every twelve months, and a written report of the examination must be submitted to the court. §207/55. At the time of the reexamination, the committed person is to be furnished with a notice of his right to petition the court for discharge. If the person does not waive his right to petition for discharge, "the court shall set a probable cause hearing to determine whether facts exist to believe that since the most recent periodic reexamination (or initial commitment, if there has not yet been a periodic reexamination), the condition of the committed person has so changed that he or she is no longer a sexually violent person." If the court determines that there is probable cause, it shall hold a hearing on the issue. The person has the right to an attorney at both hearings. §207/65.

The committed person may also petition the court for conditional release. §207/60.

2. **Law Applicable to Habeas Petition**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials'

and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in

appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v, DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

### Analysis

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when the state court judgment became final.

Evans was initially committed as an SVP on October 11, 2005. His §2254 petition was filed on October 9, 2015. The petition is obviously untimely as to the original order of commitment. However, the Seventh Circuit has held that a civilly committed person may bring a habeas petition challenging a subsequent order continuing his commitment. Each state order continuing the commitment "constitutes a new judgment for purposes of AEDPA, and therefore starts a new statute of limitations period." *Martin v. Bartow*, 628 F.3d 871 (7th Cir. 2010).

Respondent argues that all of petitioner's habeas claims "allege error in the proceedings leading to his 2005 commitment." Doc. 12, p. 3. This may be correct, at least as to grounds one and, in part, three. Ground one asserts that

counsel was ineffective in advising him in 2005 to waive his rights and "self-commit." Ground three asserts, in part, that counsel was ineffective in failing to argue in 2005 that the doctor who diagnosed him with a mental disorder was not qualified to do so.

However, the rest of petitioner's arguments appear to be aimed at his ongoing commitment. Ground two states that petitioner's civil commitment "is predicated upon (and in fact [has] been continued yearly) by use of the 'risk assessment actuarial tools.'" Ground three argues that petitioner "does not suffer from any acquired or congenital brain abnormality as is absolutely required by the Act." Here, petitioner appears to be arguing that he does not *presently* have a mental disorder. And, the double jeopardy argument applies to the most recent commitment order as well as the original order.

This Court concludes that, under *Martin, supra*, petitioner's habeas claims are timely to the extent that they go to the 2015 order continuing his commitment.

Further, *Martin* suggests that there are some situations in which a petitioner can challenge an order continuing commitment on a ground that could have been raised as to the initial order of commitment. The ability to bring a claim that could have been brought as to the initial order depends on whether the order continuing commitment "amounts to a redetermination that a person civilly committed is mentally ill and dangerous or merely a determination that there are no changed circumstances warranting a reconsideration of the initial determination." *Martin*, 628 F.3d at 878.

*Martin* arose under Wisconsin's SVP Act, which is similar to the Illinois Act. In his §2254 petition, Martin argued that Wisconsin's reliance on two earlier convictions as the predicates for commitment as an SVP violated his plea agreements and due process. The Seventh Circuit noted that "Wisconsin's civil commitment scheme for sexually violent persons does not require an annual reevaluation by the state court of the original grounds of commitment. Instead, it presumes that the original judgment continues to justify confinement and asks whether anything has changed that should cause the court to reevaluate the confinement." However, when Martin appealed from the order denying his petition for discharge, the Wisconsin Court of Appeals "decided to treat the lower court's denial of Martin's petition for discharge as a full redetermination on the merits of all the issues that he raised in the petition." *Martin*, 628 F.3d at 875. Those issues included the use of his prior crimes as predicates for commitment as an SVP. Because the state court revisited the initial justification for committing him in deciding his challenge to the denial of his petition for discharge, Martin was entitled to raise issues that he could have raised as to the initial order of commitment. *Martin* at 876.

Like the Wisconsin Act, the Illinois SVP Act requires not an annual reevaluation of the original grounds for commitment, but a determination of whether there is probable cause to believe that the person's condition has changed such that he is no longer a SVP. 25 ILCS § 207/65.

Evans filed his federal habeas petition in October 2015. On September 8,

2015, the state court granted the state's motion for finding of no probable cause, and his commitment was continued.  Respondent has not furnished this Court with copies of any of the state court's orders.  The docket sheet indicates only that the state court "finds that the state has met its burden by clear and convincing evidence that there is no probable cause to believe the Respondent is no longer a sexually violent person and that Respondent should remain committed."  Doc. 12, Ex. 1, p. 1.

Without a review of the 2015 order continuing petitioner's commitment, this Court cannot definitely determine whether the 2015 order constituted "a redetermination that a person civilly committed is mentally ill and dangerous or merely a determination that there are no changed circumstances warranting a reconsideration of the initial determination." *Martin*, 628 F.3d at 878.  Therefore, the Court cannot determine whether all of the claims advanced in the habeas petition are precluded by the one-year statute of limitations.

The Court recognizes that respondent argues in a footnote that all of the claims made in the petition are procedurally defaulted.  See, Doc. 12, p. 3, n. 3.  The Court declines to dismiss the petition on the basis of procedural default at this point because the argument was made only in passing.  Respondent may, of course, present a fully developed procedural default argument in his response to the petition, and may reassert his timeliness argument in a pleading supported by the necessary state court orders.

**Conclusion**

Respondent's motion to dismiss habeas corpus petition as untimely (Doc. 12) is **DENIED.**

Respondent shall file his response to the petition by October 31, 2016.

**IT IS SO ORDERED.**

**DATE: September 28, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.09.28
07:32:16 -05'00'

**United States District Judge**