IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG N. EVANS,

    Petitioner,

             Civil No. 15-cv-1122-DRH-CJP

vs.

GREGORY SCOTT, Program Director,
Rushville Treatment/Detention Center,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Craig N. Evans was civilly committed under the Illinois Sexually Violent Persons (SVP) Commitment Act, 725 ILCS 207/1, et seq., in 2005. Ten years later, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1).

This matter is now before the Court on respondent's Motion to Dismiss Amended Habeas Corpus Petition. (Doc. 22). Petitioner responded to the motion at Doc. 24.

### Grounds Asserted for Habeas Relief

The original petition sets forth four grounds for habeas relief:

1. The State was required to prove lack of ability to control dangerous sexual behavior for this type of civil commitment. Petitioner's lawyer "misinformed him that the State 'could prove all requirements at trial' including that 'lack of control is implicit in the mental disorder diagnosis

from the DSM manual.'"

2. The State sought to prove that petitioner was substantially probable to reoffend by the testimony of an expert witness who relied on "risk assessment tools," but the risk assessment tools do not detect or measure the presence of or the severity of a mental disorder. His original commitment and annual continuance of commitment are predicated on the use of these tools.

3. The state used a doctor who was a Psy.D, and not an M.D., to diagnose petitioner with a mental abnormality. "The petitioner's liberty has been taken away from him based on an unqualified diagnosis by an unqualified non-medical doctor. Had appointed counsel at the 2005 proceedings been effective and challenged the State's evidence, the outcome would have been different." Further, petitioner "does not suffer from any acquired or congenital brain abnormality as is absolutely required by the Act."

4. Petitioner served six years imprisonment for his crimes, and the State's use of the "same fact pattern" to civilly commit him is a double jeopardy violation.[1]

## Relevant Facts and Procedural History

Evans was convicted of Aggravated Criminal Sexual Abuse, Aggravated Sexual Abuse and Predatory Criminal Sexual Assault. He was sentenced to six years imprisonment in the Illinois Department of Corrections on each conviction, to be served concurrently. See, Doc. 21, Ex. 1, p. 1.[2]

A copy of the docket sheet from the civil commitment proceeding, *In re Evans*, Wabash County Circuit Court, Case No. 2005-MR-5, is attached to respondent's Motion to Dismiss, Doc. 22, as Exhibit 1. This docket sheet was obtained from the website judici.com. According to the docket sheet, the State

---

[1] The Court expresses no opinion as to whether petitioner's grounds qualify as claims that he is in custody "in violation of the Constitution or laws or treaties of the United States" as required by 28 U.S.C. §2254(a).
[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

filed a Petition for Sexually Violent Person Commitment in March 2005. The petition was granted on October 11, 2005. Doc. 22, Ex. 1, p. 5.

A six-month reevaluation was done and, in April 2006, the court entered an order finding no probable cause to believe that petitioner was no longer a sexually violent person. Thereafter, annual reevaluations were done. Upon each annual review, the court found there was no probable cause to believe that petitioner was no longer a sexually violent person.

The docket sheet attached to Doc. 22 goes through December 16, 2016. The most recent annual review reflected on that exhibit took place in July 2016. Once again, the court found no probable cause to believe that petitioner was no longer a sexually violent person. Through counsel, Evans filed a motion to reconsider.

The online version of the docket sheet from petitioner's civil commitment case reflects that his motion to reconsider the July 2016 order was denied on March 28, 2017. See, http://www.judici.com/courts/cases/case_history. jsp?court =IL093015J&ocl=IL093015J,2005MR5,IL093015JL2005MR5D, visited on May 10, 2017. The docket sheet does not indicate that Evans filed a notice of appeal.

According to the original habeas petition, Evans has never filed any state court action challenging his commitment because "Under Illinois law [,] post-conviction, relief from judgment, and state Habeas are not available to me." Doc. 1, p. 6. See also, Doc. 1, p. 8 ("I have no state court remedies to vacate judgment of commitment.")

This Court denied respondent's previous motion to dismiss as untimely because, under applicable Seventh Circuit precedent, a civilly committed person may bring a habeas petition challenging a subsequent order continuing his commitment. Each state order continuing the commitment "constitutes a new judgment for purposes of AEDPA, and therefore starts a new statute of limitations period." *Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010). The Seventh Circuit observed that "To hold otherwise would lead to one of two absurd results; either [petitioner] could never challenge an order continuing his commitment that was entered more than a year after his initial commitment order or the statute of limitations applicable to his initial commitment order would never expire." *Ibid.*

Respondent then filed a motion for more definite statement. The Court granted that motion and ordered petitioner to file an amended petition specifying which commitment order he is challenging. Seeking to cover all bases, petitioner filed an amended petition stating that he is challenging the original 2005 order and all subsequent orders continuing his commitment. See, Doc. 21.

### Applicable Legal Standards

**1. Illinois Sexually Violent Persons Commitment Act**

The Illinois Sexually Violent Persons Commitment Act defines a sexually violent person as:

> a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.

725 ILCS §207/5.

A "sexually violent offense" is defined in the same section as various specified crimes under Illinois law. Petitioner does not contest the fact that he was convicted of one of the enumerated crimes.

The Attorney General or the State's Attorney in the county in which the person was convicted may file a petition alleging that he is a sexually violent person. §207/15. If the person is found to be a sexually violent person, "the court shall order the person to be committed to the custody of the Department [of Human Services] for control, care and treatment until such time as the person is no longer a sexually violent person." §207/40(a).

A judgment finding that the person is a sexually violent person is reviewable on appeal. §207/35(g). The committed person may also file a petition for discharge. §207/65(b).

A committed person must be reexamined at least once every twelve months, and a written report of the examination must be submitted to the court. §207/55. At the time of the reexamination, the committed person is to be furnished with a notice of his right to petition the court for discharge. If the person does not waive his right to petition for discharge, "the court shall set a probable cause hearing to determine whether facts exist to believe that since the most recent periodic reexamination (or initial commitment, if there has not yet been a periodic reexamination), the condition of the committed person has so changed that he or she is no longer a sexually violent person." If the court determines that there is

probable cause, it shall hold a hearing on the issue. The person has the right to an attorney at both hearings. §207/65.

The committed person may also petition the court for conditional release. §207/60.

## 2. Law Applicable to Habeas Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is not the equivalent of another round of appellate review. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore,* 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999);

see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners such as Evans must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1732-1733.

## Analysis

1. **Timeliness**

As an initial matter, respondent argues that petitioner has abandoned the grounds for habeas relief that he asserted in his original petition by failing to reassert them in his amended petition. The Court disagrees. Evans is proceeding pro se, and the Court is required to liberally construe his pleadings. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Liberally construed, the amended petition incorporates the grounds originally set forth. Doc. 21, p. 1, paragraph (A).

Respondent also argues that the amended petition does not relate back to the original petition because the original petition challenged only the original 2005 commitment order. He is incorrect. In the original petition, with regard to timeliness, petitioner stated, "While original commitment was in 2005, I am recommitted annually." Doc. 1, p. 7, paragraph 12. Liberally construed, the original petition must be read as a challenge to the annual recommitment orders. That was the reasoning underlying the Court's denial of the previous motion to dismiss the petition as untimely, Doc. 17.

This is not to say, however, that Evans can still raise arguments that

challenge *only* the original commitment order. Arguably, ground one and ground three, in part, attack only the original commitment order and not the 2015 or 2016 orders continuing his commitment. Ground one asserts that counsel was ineffective in advising him in 2005 to waive his rights and "self-commit." Ground three asserts, in part, that counsel was ineffective in failing to argue in 2005 that the doctor who diagnosed him with a mental disorder was not qualified to do so.

In *Martin*, *supra*, the petitioner could still raise arguments that went only to the original commitment order, even though the habeas petition was filed long after the one-year limitations period elapsed as to the original order, because, in the unique circumstances of that case, the state courts had reconsidered the original basis for his commitment on his subsequent petition for discharge. *Martin*, 628 F. 3d at 875. Here, however, it appears that the state court in 2015 and 2016 only considered whether Evans had shown a change in circumstances. See, 2015 order, Doc. 18, Ex. 1.

Regardless, the rest of petitioner's arguments appear to be aimed at his ongoing commitment. Ground two states that petitioner's civil commitment "is predicated upon (and in fact [has] been continued yearly) by use of the 'risk assessment actuarial tools.'" Ground three argues that petitioner "does not suffer from any acquired or congenital brain abnormality as is absolutely required by the Act." Here, petitioner appears to be arguing that he does not *presently* have a mental disorder.[3] And, the double jeopardy argument applies to the most recent

---

[3] Petitioner's "constitutional right to due process limits his civil commitment to the period during which he is 'both mentally ill and dangerous, but no longer.'" *Martin*, 628 F.3d at 874, citing

commitment order as well as the original order.

The original habeas petition was filed on October 9, 2015. The petition was timely as to the 2015 and 2016 orders continuing petitioner's commitment. The petition is not timely as to any commitment order entered prior to the September 8, 2015, order.

2.   *Younger* **Abstention/Exhaustion of State Remedies**

Although the petition is timely as to the 2015 and 2016 orders, there remains the issue of state remedies.

Respondent argues that this Court should dismiss the amended petition under *Younger v. Harris*, 91 S. Ct. 746 (1971), because, at the time the motion to dismiss was filed, petitioner's motion for reconsideration of the 2016 order remained pending. If state court action were still pending as to the 2016 order, *Younger* abstention would be proper. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010).

As was noted above, the version of the docket sheet available at judici.com reflects that petitioner's motion for reconsideration was denied, and that petitioner did not file a notice of appeal. The only "record" filed by respondent is a copy of the judici.com docket sheet. See, Doc. 22, Ex. 1. However, judici.com is not an official court website. The website's homepage, judici.com, contains a disclaimer, "This page is operated by Judici.com, not a court. Links to this page do not constitute endorsement by any court of the content, policies, or services

---

*Foucha v. Louisiana*, 112 S.Ct. 1780, 1784 (1992).

offered here." This Court is reluctant to dismiss the petition based on information from the judici.com docket sheet alone.

On the record before it, the Court is unable to determine whether *Younger* abstention is warranted. Further, there is an obvious issue in this case as to whether petitioner has exhausted state remedies. 28 U.S.C. §2254(b)(3) mandates that "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." There has been no such waiver here.

In an effort to crystalize these issues, respondent is directed to file a memorandum, on or before June 30, 2017, addressing the following points:

1. The status of petitioner's motion for reconsideration of the 2016 order continuing his commitment; and

2. Whether petitioner has exhausted his state remedies, and, if so, which issues have been fully presented to the state courts.

The Court will give petitioner an opportunity to respond to the respondent's memorandum.

## Conclusion

For the reasons discussed above, respondent's Motion to Dismiss (Doc. 22) is **GRANTED in part** and **DENIED in part**. The amended petition (Doc. 21) is dismissed as to the original 2005 order of commitment and all orders continuing petitioner's commitment entered before 2015. The Motion to Dismiss (Doc. 22) is **DENIED** as to the September 8, 2015, and July 19, 2016, orders continuing

petitioner's commitment.

Respondent shall file his memorandum as directed above by June 30, 2017.

**IT IS SO ORDERED.**

DATE:    May 13, 2017

Judge Herndon
2017.05.13
11:15:38 -05'00'

United States District Judge