IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG N. EVANS

        Petitioner,

vs.                                     Civil No. 15-cv-01122-DRH-CJP

GREGORY SCOTT

        Respondent.

## MEMORANDUM and ORDER

Craig N. Evans (Petitioner) served six years' imprisonment in the Illinois Department of Corrections for an unspecified sexual crime. (Doc. 1, p. 14). In 2005, as his sentence was expiring, the State of Illinois filed a petition to civilly commit Petitioner as a sexually violent person under Illinois' Sexually Violent Persons Commitment Act (725 ILCS 207/1). *Id.* at p. 6. Petitioner waived trial and stipulated to commitment. *Id.*

In 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 (§ 2254), (Doc. 1), followed by an Amended Petition incorporating the original petition, (Doc. 21). The Amended Petition presents claims that have been exhausted in State court and one claim that has not. For the following reasons, the Court directs both parties to file memoranda addressing whether this case should be stayed and held in abeyance to afford Petitioner an opportunity to exhaust his non-exhausted claim in State court. See *Rhines v. Weber*, 544 U.S. 269 (2005).

## Background

Illinois' Sexually Violent Persons Commitment Act (the Act) "allows the State to extend the incarceration of criminal defendants beyond the time they would otherwise be entitled to release if those defendants are found to be 'sexually violent.'" *In re Detention of Samuelson*, 189 Ill.2d 548, 552 (2000). The Act mandates the Department of Human Services (DHS) conduct annual re-evaluations of committed persons to determine (1) whether the person is eligible for conditional release and (2) whether the person is still a sexually violent person (SVP). 725 ILCS 207/55(a).

Following Petitioner's commitment, DHS conducted a six-month re-evaluation in April 2006 and the State court found "no probable cause" to believe Petitioner was no longer an SVP. (Doc. 12, Ex. 1, p. 5). Petitioner underwent annual evaluations thereafter and the court continued to find Petitioner was an SVP through 2016. *Id.* at pp. 1-5.

Petitioner filed a petition under § 2254 in 2015. (Doc. 1). He argued his counsel was ineffective at the initial commitment proceedings; the State improperly utilized "risk assessment tools" to determine he is an SVP; the State improperly relied on a Psy.D., rather than an M.D., to diagnose him with a mental abnormality; and his commitment violates the Double Jeopardy Clause. See Doc. 1.

Respondent filed a Motion to Dismiss the petition as untimely; he asserted Petitioner's judgment became final on November 10, 2005, when the time for

filing an appeal from his initial commitment expired. (Doc. 12, p. 2). According to Respondent, Petitioner had until one-year later to file a § 2254 petition. *Id.*

The Court denied Respondent's motion based on Seventh Circuit precedent that a civilly committed person may bring a habeas petition challenging a subsequent order continuing his commitment. (Doc. 17, p. 7). Thus, each order continuing Petitioner's commitment constituted a new judgment that triggered a new statute of limitations. *Id.* The Court concluded that Petitioner's claims "are timely to the extent that they go to the 2015 order continuing his commitment." *Id.* at 8.

Respondent then filed a Motion for More Definite Statement, requesting Petitioner specify the State judgment he challenges in his § 2254 petition. (Doc. 19). The Court granted the motion, (Doc. 20), and Petitioner filed an "Amended Petition for Clarification," (Doc. 21).

In the Amended Petition, Petitioner stated he challenges "the findings, judgements, and orders pertaining to his civil commitment and continued incarceration for the years of 2005 [through 2016]." *Id.* at p. 1. He also asserted two new grounds for habeas relief: (1) his civil commitment violated the plea agreement he executed in March of 2000, and (2) all of his State-appointed counsel were ineffective, beginning in 2005 during his initial commitment proceedings. *Id.* at pp. 1-2.

Respondent moved to dismiss the petition as untimely. (Doc. 22). He also asserted that under *Younger v. Harris*, 401 U.S. 37 (1971) the Court must abstain

from addressing Petitioner's claims related to the State court's 2016 commitment order because a motion for reconsideration was pending. (Doc. 22). As an initial matter, the Court found Petitioner's Amended Petition incorporated the grounds for relief set forth in his initial petition. (Doc. 25, p. 8). The Court then granted the motion, in part, dismissing as untimely Petitioner's claims related to all commitment orders entered prior to September 8, 2015. (Doc. 25, p. 10). The Court denied Respondent's motion to dismiss Petitioner's claims related to the 2015 and 2016 commitment orders and instructed Respondent to file a memorandum addressing (1) the status of Petitioner's motion for reconsideration of the 2016 commitment order; and (2) whether Petitioner exhausted his State remedies. *Id.* at 10-11. Respondent filed the memorandum at Doc. 27.

## Analysis

### 1. *Younger* Abstention

Under *Younger*, federal courts must abstain from interfering with certain ongoing State court proceedings, including civil commitment proceedings directed at sex offenders. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). *Younger* abstention is appropriate where judicial or "judicial in nature" State proceedings are (1) ongoing; (2) implicate important State interests; and (3) provide an adequate opportunity to raise constitutional challenges. *Trust & Investment Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994).

Here, the State court denied Petitioner's motion to reconsider the 2016 commitment order and Petitioner did not file an appeal before the time for doing

so expired. (Doc. 27, Ex. 1, p. 15-16). Both parties agree there are no ongoing State court proceedings and *Younger* is therefore inapplicable.

### 2. *Exhaustion of State Remedies*

Pursuant to 28 U.S.C. § 2254, a person in custody pursuant to a State court judgment may bring a petition for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a federal court can entertain a petition brought under § 2254, principles of comity mandate a petitioner exhaust all of his State court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondent, here, concedes Petitioner has exhausted his State court remedies as to all but one of his claims. Respondent asserts Petitioner has not exhausted his "ineffective-assistance-of-counsel claim based on extra-record evidence" because he may raise it in a petition for relief from judgment under 735 ILCS 5/2-1401 (§ 2-1401). (Doc. 27, p. 2).

The Supreme Court of Illinois has explained that

> [t]he purpose of post-judgment review [under § 2-1401] is not to relitigate matters that were or could have been raised on direct appeal, but rather to resolve arguments that new or additional matters, if they had been known at the time of trial, could have prevented a finding that the defendant was guilty of the crimes charged. Claims that were raised on direct appeal, or that could have been made on direct appeal, are barred under principles of *res judicata* and collateral estoppel.

*People v. Burrows*, 172 Ill. 2d 169, 187 (1996).

Petitioner, here, could have asserted his ineffective assistance claim in a direct appeal from the 2016 commitment order. *People v. Lawton*, 212 Ill.2d

285, 295 (2004). However, it is unclear whether Petitioner can now raise it in a § 2-1401 petition.

Respondent cites *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 55, where an Illinois appellate court stated that a person committed under Illinois' Sexually Dangerous Persons Act (SDPA) could raise an ineffective assistance claim in a § 2-1401 petition. *Walker* relied on *People v. Lawton*, 212 Ill.2d 285 (2004) and *In re Detention of Morris*, 362 Ill. App. 3d 321 (4th Dist. 2005). In *Lawton*, the Supreme Court of Illinois permitted a person committed under the SDPA to bring an ineffective assistance claim under § 2-1401 because his trial counsel also represented him on direct appeal. *Lawton*, 212 Ill.2d 285 at 296. In *Morris*, an Illinois appellate court opined, "A defendant committed under the [SDPA] may assert an ineffective-assistance-of-counsel claim under section 2-1401, *at least* where his trial counsel, who cannot be expected to argue his own ineffectiveness, represented him on the direct appeal." *Morris*, 362 Ill. App. 3d 321 at 324 (emphasis added). The court in *Morris* noted, "In the present case, defendant was represented by new counsel on his direct appeal. No reason appears why the claims defendant now makes could not have been raised on direct appeal." *Id*. However, the court still addressed the underlying ineffective assistance claim. *Id.*

Petitioner, here, never filed a direct appeal, but he asserts he attempted to exhaust his remedies by "urging his appointed attornies [sic] to put forth effort to defend his interests by repeatedly asking them to argue the findings of the court."

(Doc. 21, p. 2). Based on the above case law and Petitioner's circumstances, it appears as if Illinois courts may still permit Petitioner to bring an ineffective assistance claim under § 2-1401. Moreover, the time for bringing the petition has not yet expired. See § 2-1401(c). Accordingly, Petitioner has not exhausted his State remedies as to his ineffective assistance of counsel claim related to the 2016 commitment order.

Petitioner, however, has exhausted his remedies for his remaining claims. Commitment orders under the Act are reviewable on appeal, § 207/35(g), and subject to Illinois' rules regarding civil procedure, *People v. Tapp*, 2012 IL App (4th) 10064, ¶ 4. Accordingly, Petitioner had 30 days to file a notice of appeal from his 2015 and 2016 orders, 72 ILCS 207/20, but he admits he failed to do so, *see* Doc. 1. Moreover, even if Petitioner is permitted to bring ineffective assistance claims under § 2-1401, the time for raising an argument as to the 2015 proceedings has passed. See § 2-1401(c).

Petitioner has no other State court avenues to pursue[1] and has accordingly met the requirements for exhaustion. *Coleman*, 501 U.S. 722 at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

### 3. "Mixed" Petitions Under Lundy and Rhines

---

[1] Petitioner is not permitted to challenge the State's determination that he is an SVP under Illinois' Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.*). *In re Commitment of Phillips*, 367 Ill. App. 3d 1036, 1041-42 (5th Dist. 2006).

Petitioner's Amended Petition is "mixed"; it presents both exhausted and not exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 269 (2005). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court imposed a "total exhaustion" requirement on habeas petitions and directed district courts to dismiss mixed petitions without prejudice to allow petitioners to return to State court and exhaust their remedies. *Lundy*, 455 U.S. 509 at 518-19.

*Lundy*, however, preceded the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes a one-year statute of limitations on filing habeas petitions in federal court. *See* 28 U.S.C. § 2244(d). The interplay between the AEDPA's statute of limitations and *Lundy's* total exhaustion requirement created a predicament for petitioners who filed timely but mixed petitions. *Rhines*, 544 U.S. 269 at 275. If district courts dismissed mixed petitions after the limitations periods expired, petitioners could not return to federal court after exhausting their State court remedies. *Id.* They, therefore, risked "forever losing their opportunity for any federal review of their unexhausted claims." *Id.*

In *Rhines*, the Supreme Court "recognize[d] the gravity of this problem" and held district courts may stay mixed petitions and hold them in abeyance while petitioners exhaust their remedies in State court. *Id.* at 275. However, stay and abeyance is appropriate only in "limited circumstances" where petitioners have good cause for failure to exhaust and their claims are not "plainly meritless." *Id.* at 277. If the district court determines stay and abeyance is inappropriate,

petitioners then have the opportunity "to delete the unexhausted claims and to proceed with the exhausted claims . . . ." *Id.* at 278.

In light of the above, both parties are directed to file a memorandum addressing (1) the status of Petitioner's pursuit, if one exists, of his State court remedies regarding the 2016 ineffective assistance of counsel claim and (2) whether the Court should stay Petitioner's case and hold it in abeyance. The memoranda should be filed by **February 20, 2018.**

**IT IS SO ORDERED:**

Judge Herndon
2018.01.22
15:21:24 -06'00'

**United States District Judge**