IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG N. EVANS,

    Petitioner,

vs.                         Civil No. 15-cv-1122-DRH

GREGORY SCOTT,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

    Craig N. Evans (Petitioner) brings this action pursuant to 28 U.S.C. § 2254 regarding his ongoing civil commitment under the Illinois Sexually Violent Persons Commitment Act (725 ILCS 207/1). (Doc. 1, p. 6). This matter is before the Court for a decision on whether this action should be stayed.

    On January 22, 2018, the Court determined that Petitioner's Amended Petition presented both exhausted and unexhausted claims. (Doc. 28, p. 8). The Court subsequently ordered the parties to file memoranda addressing, among other things, the status of Petitioner's pursuit of his state court petition for relief from judgment and whether this action should be stayed and held in abeyance during the pendency of the state court proceedings. (Docs. 28, 34).

    Respondent argues that this action should not be stayed because Petitioner's unexhausted claim is moot, too vague to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and barred by the prohibition against announcing new constitutional rules on collateral review.

(Doc. 29, pp. 3-4) (citing *Teague v. Lane*, 489 U.S. 299 (1989)).  Respondent also argues that Petitioner has not demonstrated good cause for failing to exhaust his claim in state court.  (Doc. 29, p. 5).  Petitioner disagrees with Respondent's arguments and claims that this action should be stayed until his Petition for Relief for Judgment in state court is resolved.  (Docs. 32, 33).

The Court finds that Petitioner's unexhausted claim is not moot, nor is it "plainly meritless" as discussed in *Rhines v. Weber*, 544 U.S. 269, 269 (2005). The Court also finds that Petitioner's claim that he was misinformed by counsel and told by the "Court Clerk" that he could not appeal, and that his appointed attorneys failed to appeal when he urged them to "argue the findings of the court," is sufficient cause for failing to exhaust his remedies more promptly.  (Doc. 33, p. 2); (Doc. 21, p. 2).

The Court will also not dismiss Petitioner's ineffective assistance of counsel claim at this stage based on Respondent's argument citing *Teague*.  *See Ambrose v. Roeckeman*, 749 F.3d 615, (7th Cir. 2014) (citing *Jenkins v. Director of Virginia Center for Behavioral Rehabilitation*, 624 S.E.2d 453, 460 (Va. 2006) (analyzing due process law and concluding that "in view of the substantial liberty interest at stake in an involuntary civil commitment based upon Virginia's Sexually Violent Predators Act, the due process protections embodied in the federal and Virginia Constitutions mandate that the subject of the involuntary civil commitment process has the right to counsel at all significant stages of the judicial proceedings, including the appellate process.") (collecting cases)).

Therefore, it is appropriate to stay the habeas petition pending the outcome of state court proceedings.

## Conclusion

This action is **ORDERED STAYED** pending the outcome of state court proceedings.

The parties are **ORDERED** to file a status report by October 15, 2018, and to notify the Court promptly when Petitioner's motion for reconsideration of the denial of his petition for relief from judgment challenging the 2016 judgment continuing his civil commitment is ruled on by the state court.

**IT IS SO ORDERED.**

Judge Herndon
2018.10.01
11:34:28 -05'00'

**United States District Judge**